FRUGÉ, Judge.
Plaintiff, Wade Cormier, filed suit in the City Court of Lake Charles to recover from his insurer, State Farm Mutual, the amount of $30.02, representing medical expenses incurred by the plaintiff as a result of an injury to his minor son in an automobile accident. The City Court rendered judgment in favor of the plaintiff and against State Farm Mutual in the amount of $30.02, and the insurer perfected an appeal to the District Court of the Parish of Calcasieu under the provisions of Article VII, Section 36, Louisiana Constitution.[1]
At the district court level the appeal was consolidated with a suit entitled “Robert H. Roller et ux v. Wade Cormier, et al,” a tort action wherein Robert H. Roller and his wife sought damages as a result of the death of their son, John Carlton Roller, in the same automobile accident which injured the minor son of Wade Cormier, the plaintiff herein. Judgment was rendered in the consolidated suits as follows;
1. Robert H. Roller et ux v. Wade Cormier, et al — Judgment in favor of the plaintiffs and against the defendants, Wade Cormier, State Farm Mutual and American Home Assurance Company.
2. Wade Cormier v. State Farm Mutual — Judgment rendered affirming the • judgment of the City Court of the City of Lake Charles in favor of the plaintiff and against the defendant in the amount of $30.02.
The defendants in the Roller suit, Wade Cormier, American Home Assurance Company and State Farm Mutual, perfected an appeal to this court. In addition, State Farm Mutual lodged a suspensive appeal from the judgment rendered against it on trial de novo in the case of Cormier v. State Farm Mutual. The two cases were again consolidated for purposes of appeal to this court.
The appellate jurisdiction of the Courts of Appeal is limited by Article VII, Section 29, of the Louisiana Constitution, which provides in pertinent part:
“Any provision of this Constitution or law to the contrary notwithstanding, the *574 courts of appeal have appellate jurisdiction of the following cases of which the Supreme Court is not given appellate jurisdiction under Article VII, Section 10 of this Constitution; all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles; all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction; and all civil matters involving more than one hundred dollars, exclusive of interest, of which the district courts throughout the state have concurrent jurisdiction. * * * ”
Because the appeal of State Farm Mutual in this instance involves an amount of $100.00 or less, over which the district court has concurrent jurisdiction with the City Court of Lake Charles, the appeal must be dismissed for lack of jurisdiction.
For the foregoing reasons, the appeal of State Farm Mutual Automobile Insurance Company, No. 1830, is dismissed at appellant’s cost.
Dismissed.

. “The district courts have appellate jurisdiction, except as otherwise provided in this Constitution, of the following eases: All appeals in civil cases tried by justices of the peace within their respective districts; all appeals in civil cases tried in city or municipal courts within their respective districts where the amount in dispute, or the value of the movable property involved does not exceed one hundred dollars, exclusive of interest; all appeals from orders of justices of the peace requiring a peace bond; and all appeals from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court. These appeals shall be tried de novo and without juries; but no evidence shall be admitted on the trial de novo which was not offered in the lower court unless it is shown to the satisfaction of the court that, despite the exercise of reasonable diligence by the party offering it, such evidence could not have been produced at the trial in the court below.”